# United States District Court
**EASTERN DISTRICT OF TEXAS**
SHERMAN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | § | | |
| | § | | |
| vs. | § | Case No. 4:09cr120 | |
| | § | (Judge Schell) | |
| CHRISTOPHER PAUL RUNGE | § | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 14, 2014, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Jay Combs.

On February 18, 2010, Defendant was sentenced by the Honorable Richard A. Schell to fifteen (15) months' custody followed by three (3) years of supervised release for the offense of Possession of Counterfeit Obligation. On July 22, 2011, Defendant completed his period of imprisonment and began service of his supervised term.

On April 21, 2014, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated several mandatory and standard conditions. Violation allegations one, three, and four were dismissed by the Government.

The petition alleges that Defendant committed the following acts with regard to the remaining violation: Defendant submitted a urine specimen on August 27, 2012, that tested positive for methamphetamine. He admitted verbally to abusing methamphetamine for approximately one month prior to submitting the positive urine specimen. On May 29, 2013, Defendant submitted a urine specimen that tested positive for Oxycodone and Oxymorphone. Defendant did not have a

valid prescription for these substances.

Prior to the Government putting on its case, Defendant entered a plea of true to the remaining violation.

### **RECOMMENDATION**

The Court recommends that the District Judge revoke Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no supervised release to follow. It is also recommended that Defendant be housed in the Bureau of Prisons, Seagoville Unit.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 14th day of May, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE